**MUNCK WILSON MANDALA, LLP**
MICHAEL C. WILSON
mwilson@munckwilson.com
(admitted *pro hac vice*)
Texas State Bar No. 21704590
JAMIL N. ALIBHAI
jalibhai@munckwilson.com
(*pro hac vice* pending)
Texas State Bar No. 00793248
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Facsimile: (972) 628-3616

**MAYER BROWN LLP**
DALE J. GIALI (SBN 150382)
dgiali@mayerbrown.com
350 South Grand Avenue, 25th Floor
Los Angeles, California 90071-1503
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

ATTORNEYS FOR DEFENDANTS
GALDERMA LABORATORIES, L.P.
SCOTT MCCREA, AND TIPHANY LOPEZ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION - SANTA ANA

| | |
|---|---|
| TRUINJECT CORP., a Delaware Corporation,<br><br>        Plaintiff,<br><br>        vs.<br><br>NESTLÉ SKIN HEALTH, S.A., a Swiss Company; GALDERMA, S.A., a Swiss Company; GALDERMA LABORATORIES, L.P., a Texas Limited Partnership; JOHN ROGERS, an individual; STUART RAETZMAN, an individual; SCOTT MCCREA, an individual; ALISA LASK, an individual; TIPHANY LOPEZ, an individual,<br><br>        Defendants. | Case No.:  No. 8:18-cv-01851- JLS-JDE<br><br>**DEFENDANT GALDERMA LABORATORIES, L.P.'S NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(3) and 12(b)(6); MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: February 8, 2019<br>Time: 10:30 a.m.<br>Courtroom: 10A<br><br>Honorable Josephine L. Staton<br><br>Complaint Filed:  10/12/18 |

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE
730833344.1

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 8, 2019 at 10:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 10A of the above entitled Court, located at 411 W. Fourth St., Santa Ana, California, 92701, before the Honorable Josephine L. Staton, Defendant Galderma Laboratories, L.P. ("Galderma Labs") will and hereby does move the Court for an order pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6) dismissing the Complaint as to Galderma Labs.

Good cause exists to grant this motion. The Complaint should be dismissed as to Galderma Labs on the grounds that:

1.     Venue is improper in this District as to Galderma Labs on the claim for patent infringement (Count IX);

2.     The claims asserted against "Nestle Skin Health" and "Galderma" collectively fail to distinguish between Galderma Labs and the other corporate defendants and thereby fail to satisfy pleading standards of Federal Rule of Civil Procedure 8(a) (Counts I-IV, VII-XIV);

3.     Truinject's deceit claims against "Galderma" and "Nestle Skin Health" are preempted by the California Uniform Trade Secrets Act and should be dismissed with prejudice (Counts VII and XIV);

4.     Truinject fails to state a claim for trade dress infringement because it fails to adequately or plausibly allege that its design features are non-functional or that its design has acquired secondary meaning (Count XI); and

5.     Truinject fails to state a claim for unfair competition because each underlying tort on which the claim is based is either preempted or insufficiently pleaded (Count XIII).

This motion is based on this notice, the accompanying memorandum of points and authorities, all pleadings and documents on file in this case, and on such other written and oral argument as may be presented to the Court.

1

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 7, 2018.

Dated: December 14, 2018

**MUNCK WILSON MANDALA, LLP**
MICHAEL C. WILSON
JAMIL N. ALIBHAI

**MAYER BROWN LLP**
DALE J. GIALI

By: _/s/ Dale J. Giali_____
        Dale J. Giali

ATTORNEYS FOR DEFENDANTS
GALDERMA LABORATORIES, L.P.,
SCOTT MCCREA, AND TIPHANY
LOPEZ

LAW OFFICES
MAYER BROWN LLP
Los Angeles

# **TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ..................................................................................1

II.   FACTUAL AND PROCEDURAL BACKGROUND ...................................3

III.  ARGUMENT AND AUTHORITIES ........................................................5

    A.   The patent infringement claim against Galderma Labs
       should be dismissed for improper venue. ......................................5

       1.   Venue for a patent infringement claim is based only
           on § 1400(b)...................................................................5

       2.   The Central District of California is not the proper
           venue for the patent infringement claim against
           Galderma Labs. ...............................................................6

    B.   Legal standard for motion to dismiss under Rule 12(b)(6)................7

    C.   The Complaint improperly lumps together all of the
       corporate defendants and fails to meet federal pleading
       requirements........................................................................8

    D.   Truinject's deceit claims are preempted by California's
       Uniform Trade Secrets Act ("CUTSA")......................................10

       1.   CUTSA preempts causes of action based on the
           same operative facts.....................................................10

       2.   The deceit claims are preempted by CUTSA. .........................11

    E.   Truinject fails to adequately allege protectable trade dress
       rights................................................................................13

       1.   Essential elements of a trade dress claim based on
           product design..............................................................13

       2.   Truinject fails to sufficiently allege that Kate's
           design features are non-functional...................................14

       3.   Truinject fails to allege that Kate's design has
           acquired secondary meaning. .........................................16

    F.   Truinject fails to state a claim for unfair competition. .....................19

IV.   CONCLUSION ..................................................................................22

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**
730833344.1

LAW OFFICES
MAYER BROWN LLP
Los Angeles

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Accuimage Diagnostics Corp. v. Terarecon, Inc.*,
  260 F. Supp. 2d 941 (N.D. Cal. 2003) ................................................................ 15

*Ahmadi v. Nationstar Mortg., LLC*,
  No. SACV 16-0062 AG(JCGx), 2016 WL 7495826 (C.D. Cal. Mar. 31,
  2016) .................................................................................................................... 8

*Alta Devices, Inc. v. LG Elecs., Inc.*,
  No. 18-CV-00404-LHK, 2018 WL 5045429 (N.D. Cal. Oct. 17, 2018) ............. 20

*Art Attacks Ink, LLC v. MGA Entm't Inc.*,
  581 F.3d 1138 (9th Cir. 2009) ........................................................................... 13

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ............................................................................................. 7

*Aurora World, Inc. v. TY Inc.*,
  719 F. Supp. 2d 1115 (C.D. Cal. 2009) .............................................................. 14

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1988)) .............................................................................. 7

*Becton, Dickinson & Co. v. Cytek Biosciences Inc.*,
  No. 18-cv-00933-MMC, 2018 WL 2298500 (N.D. Cal. May 21, 2018) ............. 20

*Cal. Expanded Metal Prod. Co. v. Klein*,
  No. CV 18-242 DDP(MRWx), 2018 WL 2041955 (C.D. Cal. Apr. 30,
  2018) .................................................................................................................... 5

*Clicks Billiards, Inc. v. Sixshooters, Inc.*,
  251 F.3d 1252 (9th Cir. 2001) ........................................................................... 14

*Conservation Force v. Salazar*,
  646 F.3d 1240 (9th Cir. 2011) ............................................................................. 7

*Corazon v. Aurora Loan Servs., LLC*,
  No. 11-0542 SC, 2011 WL 1740099 (N.D. Cal. May 5, 2011) .......................... 10

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

*In re Cray*,
   871 F.3d 1355 (Fed. Cir. 2017) ............................................................... 5

*Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*,
   CV 15-769 PSG(SSx), 2015 WL 12731929 (C.D. Cal. May 8,
   2015) ................................................................................................... *passim*

*Designing Health, Inc. v. Erasmus*,
   No. CV 98-4758 LGB(CWx), 1999 WL 35014901 (C.D. Cal.
   Sept. 8, 1999) ........................................................................................ 10

*Disc Golf Ass'n v. Champions Discs*,
   158 F.3d 1002 (9th Cir. 1998) ............................................................. 14

*Ebner v. Fresh, Inc.*,
   838 F.3d 958 (9th Cir. 2016) ................................................................. 7

*Estrada v. Caliber Home Loans, Inc.*,
   No. SACV 15-00976-CJC(PJWx), 2015 WL 12661910 (C.D. Cal.
   Oct. 14, 2015) ........................................................................................ 9

*Farhang v. Indian Inst. of Tech., Kharagpur*,
   No. C-08-02658 RMW, 2010 WL 2228936 (N.D. Cal. June 1, 2010) ............... 11

*Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*,
   198 F.3d 1143 (9th Cir. 1999) ............................................................. 17

*Gauvin v. Trombatore*,
   682 F. Supp. 1067 (N.D. Cal. 1988) ...................................................... 8

*Gen-Probe, Inc. v. Amoco Corp.*,
   926 F. Supp. 948 (S.D. Cal. 1996) .................................................... 8, 10

*Global Mfg. Grp., LLC v. Gadget Universe.com*,
   417 F. Supp. 2d 1161 (S.D. Cal. 2006) ...................................... 14, 17, 19

*Injection Research Specialists v. Polaris Indus., L.P.*,
   759 F. Supp. 1511 (D. Colo. 1991) ........................................................ 6

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
   456 U.S. 844 (1982) ............................................................................ 17

iii

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**
730833344.1

LAW OFFICES
MAYER BROWN LLP
Los Angeles

*In re iPhone Application Litig.*,
    No. 11-MD-02250-LHK, 2011 WL 4403963 (N.D. Cal. Sept. 20, 2011) ............ 8

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
    58 F.3d 27 (2d Cir. 1995) ..................................................................... 16

*Jun-En Enter. v. Lin*,
    No. CV 12-2734 PSG(SSx), 2013 WL 12126115 (C.D. Cal. June
    17, 2013) ......................................................................................... 20

*K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
    171 Cal. App. 4th 939 (2009) ............................................................... 10

*Levi Strauss & Co. v. Blue Bell, Inc.*,
    778 F.2d 1352 (9th Cir. 1985) ............................................................... 16

*Livjo, Inc. v. Deckers Outdoor Corp.*,
    No. CV 10-4557-JST(PLAx), 2011 WL 12516430 (C.D. Cal.
    Sept. 27, 2011) ................................................................................. 19

*Mattel, Inc. v. MGA Entm't., Inc.*,
    782 F. Supp. 2d 911 (C.D. Cal. 2011) ............................................... 10, 19

*Maxchief Inv. Ltd. v. Plastic Dev. Grp., LLC*,
    No. 3:16-CV-63, 2017 WL 3479504 (E.D. Tenn. Aug. 14, 2017) ................ 6

*McHenry v. Renne*,
    84 F.3d 1172 (9th Cir. 1996) ................................................................. 8

*MedioStream, Inc. v. Microsoft Corp.*,
    869 F. Supp. 2d 1095 (N.D. Cal. 2012) ............................................. 11, 20

*Nat'l Prods., Inc. v. Arkon Res., Inc.*,
    No. C15-1984JLR, 2018 WL 1457254 (W.D. Wash. Mar. 23, 2018) .............. 6

*Newman v. OneWest Bank, FSB*,
    No. 10-0064, 2010 WL 797188 (C.D. Cal. Mar. 5, 2010) .......................... 9

*OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*,
    897 F.3d 1008 (9th Cir. 2018) ............................................................... 21

*Qualitex Co. v. Jacobson Prods. Co., Inc.*,
    514 U.S. 159 (1995) ............................................................................. 14

iv

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**

730833344.1

*Reflection, LLC v. Spire Collective LLC*,
    No. 17CV1603-GPC(BGS), 2018 WL 310184 (S.D. Cal. Jan. 5, 2018)...............7

*In re Sagent Tech.*,
    278 F. Supp. 2d 1079 (N.D. Cal. 2003) ..................................................8

*SCG Characters LLC v. Telebrands Corp.*,
    No. CV 15-00374 DDP(AGRx), 2015 WL 4624200 (C.D. Cal. Aug. 3,
    2015)..................................................................................................13

*SHK Mgmt., Inc. v. Kilroy Realty Corp.*,
    CV 14-02509 DMG(Ex), 2014 WL 12561096 (C.D. Cal. Oct. 2,
    2014) ........................................................................................12, 13, 18

*Steward v. West*,
    No. CV 13-02449-BRO(JCx), 2013 WL 12120232 (C.D. Cal. Sept. 6,
    2013)....................................................................................................8

*Stiles v. Wal-Mart Stores, Inc.*,
    No. 2:14-CV-2234-GEB-CMK, 2016 WL 696602 (E.D. Cal. Feb. 22,
    2016) ..................................................................................................20

*Studer v. Para-Song Music*,
    No. CV 10-1750 GAF(RCx), 2010 WL 11595711 (C.D. Cal. Sept. 13,
    2010)..................................................................................................10

*Sugarfina, Inc. v. Sweet Pete's LLC*,
    17-CV-4456-RSWL-JEM, 2017 WL 4271133 (C.D. Cal. Sept. 25,
    2017)..................................................................................................20

*SunPower Corp. v. SolarCity Corp.*,
    No. 12-CV-00694-LHK, 2012 WL 6160472 (N.D. Cal. Dec. 11, 2012) ...........11

*Sybersound Records, Inc. v. UAV Corp.*,
    517 F.3d 1137 (9th Cir. 2008) ............................................................21

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
    137 S. Ct. 1514 (2017)......................................................................5, 6

*Teixeira v. Cty. of Alameda*,
    873 F.3d 670 (9th Cir. 2017) ................................................................8

v

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**
730833344.1

*Telesaurus VPC, LLC v. Power*,
   623 F.3d 998 (9th Cir. 2010) ................................................................................... 7

*Teva Pharms. USA, Inc. v. Health IQ, LLC*,
   No. CV 13-00308-CJC(RNBx), 2013 WL 12132029 (C.D. Cal.
   Apr. 29, 2013) ................................................................................................... 12, 13

*ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*,
   No. CV 12-05283-MMM(JEMx), 2013 WL 12120260 (C.D. Cal.
   Feb. 7, 2013) ........................................................................................................ 10

*Top Agent Network, Inc. v. Zillow, Inc.*,
   No. 14-CV-04769-RS, 2015 WL 7709655 (N.D. Cal. Apr. 13, 2015) ............... 13

*TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,
   532 U.S. 23 (2001) ............................................................................................... 14

*Triton Eng'g v. Crane Co.*,
   SACV 12-01617-CJC(JEMx), 2013 WL 12137106 (C.D. Cal.
   Apr. 25, 2013) ........................................................................................... 12, 13, 20

*Trout v. Elite Aluminum Corp.*,
   No. EDCV 06-0830 SGL(Opx), 2007 WL 2778911 (C.D. Cal.
   Sept. 18, 2007) ..................................................................................................... 21

*TSX Toys, Inc. v. 665, Inc.*,
   No. EDCV 14-02400-RGK(DTBx), 2015 WL 12791406 (C.D. Cal.
   Apr. 24, 2015) ................................................................................................. 15, 21

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*,
   529 U.S. 205 (2000) ................................................................................... 13, 16, 17

*Walker & Zanger, Inc. v. Paragon Indus., Inc.*,
   549 F. Supp. 2d 1168 (N.D. Cal. 2007) ............................................................... 13

*Williams v. Cty. of Los Angeles Dep't of Pub. Soc. Servs.*,
   No. CV 14-7625 JVS(JC), 2016 WL 8229038 (C.D. Cal. Dec. 21,
   2016), *aff'd*, 708 F. App'x 353 (9th Cir. 2017) ..................................................... 7

*Yost v. Nationstar Mortg., LLC*,
   No. 13-cv-00745-AWI-SAB, 2013 WL 4828590 (E.D. Cal. Sept. 9,
   2013) ...................................................................................................................... 9

vi

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**

730833344.1

LAW OFFICES
MAYER BROWN LLP
Los Angeles

*Zayo Grp. LLC v. Hisa*,
  No. SACV 13-752-JST(JPRx), 2013 WL 12201401 (C.D. Cal. Sept. 17,
  2013) (Staton, J.) ............................................................................................... 11

*In re ZTE (USA) Inc.*,
  890 F.3d 1008 (Fed. Cir. 2018) ........................................................................... 5

**Statutes**

28 U.S.C. § 1400(b) ................................................................................................. 5

28 U.S.C. § 1406(a) .......................................................................................... 5, 6, 7

Cal. Civ. Code § 3426.1(a) .................................................................................... 11

Cal. Civ. Proc. Code § 2019.210 ............................................................................. 1

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**
730833344.1

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

Galderma Labs submits this Memorandum of Law in Support of its Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(3) and (6), as follows:

## I.   INTRODUCTION

Although spanning 107 pages and 450 paragraphs, the Complaint filed by Truinject boils down to the allegations summarized in the "Introduction" section:

- Truinject developed Kate, which it describes as an "injection training platform," and an associated "virtual and augmented reality training system";[1]

- Truinject executed "a series of confidential disclosure agreements" with Nestlé Skin Health, S.A., Galderma Labs, and/or Galderma, S.A. to explore a potential business arrangement, and pursuant to such agreements, Truinject disclosed what it contends are trade secrets;[2] and

- Nestlé Skin Health, S.A., Galderma Labs, or Galderma, S.A. developed and launched a product and technology platform that Truinject claims is similar to its technology, allegedly using Truinject's trade secrets or patented technology.[3]

Galderma Labs requests that the Court dismiss all counts asserted against Galderma Labs (Counts I-IV and VII-XIV) for at least the following reasons.

First, Truinject's patent claim against Galderma Labs cannot proceed in this District.  The United States Supreme Court recently confirmed in *TC Heartland* that patent claims against domestic companies must be brought in the state where the defendant was formed.  The Complaint acknowledges that Galderma Labs is a

---

[1] Compl. ¶ 9.

[2] Compl. ¶ 17.   While Galderma Labs is not challenging the sufficiency of Truinject's CUTSA and DTSA trade secret claims (Counts X and XII) through Rule 12, the Complaint describes Truinject's alleged trade secrets only in very general terms and fails to allege how Defendants' products—Holly and LucyLive—incorporate any specific aspect of Truinject's technology.  Pursuant to CUTSA and other applicable law, Truinject must fully disclose its alleged trade secrets with specificity prior to proceeding with the litigation.  *See, e.g.*, CAL. CIV. PROC. CODE § 2019.210.

[3] Compl. ¶ 21.

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**                          **PAGE 1**
730833344.1

Texas entity headquartered in Fort Worth, Texas.  Thus, Truinject cannot pursue its patent claim against Galderma Labs in California.

Second, Truinject's "shotgun" Complaint vaguely asserts several causes of action against either "Galderma" (Counts I-IV, VII-VIII), "Nestlé Skin Health" (Counts IX-XII, XIV), or both (Count XIII), but never specifies whether or which of these Counts are asserted against Galderma Labs.  Rather, Truinject intentionally and vaguely lumps all three corporate Defendants together by: (1) defining "Nestlé Skin Health" as including Galderma, S.A., Galderma Labs, and Nestlé Skin Health, S.A.; (2) failing to define "Galderma" or otherwise distinguish between Galderma Labs and Galderma, S.A.; and (3) alleging throughout all of its factual allegations that "Nestlé Skin Health" committed certain acts or omissions, without ever specifying which of the three separate entities committed the conduct alleged. Further, *Galderma Labs is not explicitly mentioned a single time* in the 74 pages and 270 paragraphs of introductory facts and "General Allegations" or under any of the 19 causes of action.  Such loose, undifferentiated pleading fails to give Galderma Labs fair notice of what conduct it is being accused of and which claims are being alleged against it.  Thus, Galderma Labs is left to guess whether Truinject seeks to hold it liable based on Galderma Labs' conduct or the conduct of other defendants (and if so, on what theory), making it nearly impossible to respond or adequately prepare a defense.  California courts consistently find such group pleading deficient under Rule 8, warranting dismissal under Rule 12(b)(6).

Third, several of the causes of action asserted in the Complaint fail as a matter of law and must be dismissed.  Truinject's claims for Deceit (Counts VII and XIV) and Unfair Competition (Count XIII) are preempted by CUTSA or federal patent law.  In addition, Truinject's claim for Trade Dress Infringement (Count XI) fails because Truinject does not plead essential elements of the claim, and its Unfair

Competition claim (Count XIII) fails because each tort claim on which it is based is either preempted or insufficiently pleaded.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Truinject filed this lawsuit against Galderma Labs, Nestlé Skin Health, S.A., Galderma, S.A., John Rogers, Stuart Raetzman, Scott McCrea, Alisa Lask, and Tiphany Lopez.  The Complaint collectively refers to Galderma Labs, Nestlé Skin Health, S.A., and Galderma, S.A. as "Nestlé Skin Health."[4]  Truinject also refers to "Galderma" in the Complaint but fails to define "Galderma" or identify whether such references refer to Galderma Labs or Galderma, S.A.[5]

In the seventy-four (74) pages and 270 paragraphs of introductory facts and "General Allegations," the Complaint references "Nestlé Skin Health" 384 times. Throughout the factual allegations, Truinject alleges that "Nestle Skin Health" engaged in certain alleged conduct, without distinguishing which entity was actually involved in the conduct alleged.  Galderma Labs is not referenced a single time in the factual allegations.  Not only does Truinject fail to allege a single act or omission by Galderma Labs, it also does not allege that any of the individual Defendants, Nestlé Skin Health employees, or other persons identified in the Complaint worked for Galderma Labs.[6]

The Complaint asserts six causes of action against "Nestle Skin Health" collectively and seven causes of action against "Galderma":

---

[4] Compl. ¶ 34.

[5] *See* Compl. Counts I-IV, VII-VIII, and XIII.

[6] *See* Compl. ¶¶ 25-29 (alleging that that every individual Defendant was an employee of either Galderma, S.A. or Nestlé Skin Health, S.A.).

**LAW OFFICES**
**MAYER BROWN LLP**
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 3**
730833344.1

| Count | Causes of Action | Defendant |
|-------|------------------|-----------|
| I | Breach of Contract (2/7/17 Confidential Disclosure Agreement) | "Galderma" |
| II | Breach of Covenant of Good Faith and Fair Dealing (2/7/17 Confidential Disclosure Agreement) | "Galderma" |
| III | Breach of Contract (11/5/15 Exclusive Negotiation Agreement) | "Galderma" |
| IV | Breach of Covenant of Good Faith and Fair Dealing (11/5/15 Exclusive Negotiation Agreement) | "Galderma" |
| VII | Deceit | "Galderma" |
| VIII | Tortious Interference with Business Expectancy/Prospective Economic Advantage | "Galderma" |
| IX | Patent Infringement | "Nestle Skin Health" |
| X | Trade Secret Misappropriation Under The Defend Trade Secret Act (18 U.S.C. § 1836) | "Nestle Skin Health" |
| XI | Trade Dress Infringement (15 U.S.C. § 1125) | "Nestle Skin Health" |
| XII | Trade Secret Misappropriation (Cal. Civ. Code § 3426) | "Nestle Skin Health" |
| XIII | Unfair Competition (Cal. Bus. & Prof. Code § 17200) | "Galderma" and "Nestle Skin Health" |
| XIV | Deceit | "Nestle Skin Health" |

Galderma Labs moves to dismiss the patent infringement claim (Count IX) pursuant to Federal Rule of Civil Procedure 12(b)(3).  Galderma Labs moves to dismiss the breach of contract (Counts I, III), breach of covenant of good faith and fair dealing (Counts II, IV), deceit (Counts VII, XIV), tortious interference (Count VIII), patent infringement (Count IX), trade dress infringement (Count XI), and unfair competition (Count XIII) claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**
730833344.1

**PAGE 4**

## III.   ARGUMENT AND AUTHORITIES

**A.   The patent infringement claim against Galderma Labs should be dismissed for improper venue.**

### 1.   Venue for a patent infringement claim is based only on § 1400(b).

Federal Rule of Civil Procedure 12(b)(3) allows a party to raise by motion the defense of "improper venue." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."[7] Once venue is challenged, the plaintiff bears the burden of proving that venue is proper in this District.[8]

In *TC Heartland LLC v. Kraft Foods Group Brands LLC*, the United States Supreme Court held that 28 U.S.C. § 1400(b) sets forth the sole bases for venue for patent infringement claims involving domestic companies.[9] Pursuant to 28 U.S.C. § 1400(b), "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."[10]   In *TC*

---

[7] 28 U.S.C. § 1406(a).

[8] *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) (holding that for venue challenges pursuant to 28 U.S.C. § 1400(b), the plaintiff bears the burden of establishing that venue is proper); *Cal. Expanded Metal Prod. Co. v. Klein*, No. CV 18-242 DDP(MRWx), 2018 WL 2041955, at *1 (C.D. Cal. Apr. 30, 2018) (same).

[9] *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017); *see also Cal. Expanded Metal Prod. Co.*, 2018 WL 2041955, at *1-2 (holding that 28 U.S.C. § 1400(b) controlled the court's venue analysis and granting motion to transfer to the Western District of Washington).

[10] 28 U.S.C. § 1400(b).   Section 1400(b)'s "regular and established place of business" analysis incorporates three requirements: "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant."   *In re Cray*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

*Heartland*, the Supreme Court held that a domestic corporation "resides" only in its state of incorporation.[11]   A limited partnership is treated as a corporation for the purpose of evaluating residency under 28 U.S.C. § 1400(b).[12]   If venue in the plaintiff's chosen forum is improper, the defendant is entitled to dismissal or transfer of the claims for which venue is improper.[13]

### 2.   The Central District of California is not the proper venue for the patent infringement claim against Galderma Labs.

In Count IX, Truinject asserts a claim for patent infringement of U.S. Patent No. 9,792,836 against Nestlé Skin Health,[14] which the Complaint defines as including Galderma Labs.[15]   Because Galderma Labs is a Texas limited partnership,[16] Galderma Labs "resides" only in Texas for purposes of section 1400(b).[17]   Thus, Galderma Labs requests that the Court dismiss Count IX against Galderma Labs for improper venue.[18]

---

[11] *TC Heartland*, 137 S. Ct. at 1520.

[12] *Injection Research Specialists v. Polaris Indus., L.P.*, 759 F. Supp. 1511, 1514-1516 (D. Colo. 1991) (holding that a limited partnership is treated like a corporation when evaluating residency pursuant to 28 U.S.C. § 1400(b)); *Maxchief Inv. Ltd. v. Plastic Dev. Grp., LLC*, No. 3:16-CV-63, 2017 WL 3479504, at *2 (E.D. Tenn. Aug. 14, 2017) (holding that post-*TC Heartland*, unincorporated associations are treated like corporations when evaluating residency pursuant to 28 U.S.C. §1400(b)).

[13] 28 U.S.C. § 1406(a); *Nat'l Prods., Inc. v. Arkon Res., Inc.*, No. C15-1984JLR, 2018 WL 1457254, at *8 (W.D. Wash. Mar. 23, 2018) (granting motions to transfer patent claims against two defendants to the Central District of California and one defendant to the Middle District of Florida and requesting briefing from the parties on transfer of non-patent claims pursuant 28 U.S.C. §1404(a)).

[14] Compl. ¶¶ 358-364.

[15] Compl. ¶ 34.

[16] Compl. ¶ 31.

[17] *See Injection Research Specialists*, 759 F. Supp. at 1514-1516; *Maxchief Inv. Ltd.*, 2017 WL 3479504, at *2.  Plaintiff does not allege that Galderma Labs committed

**LAW OFFICES**
**MAYER BROWN LLP**
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**                                    **PAGE 6**
730833344.1

**B.      Legal standard for motion to dismiss under Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint.[19]   To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege enough facts to state a claim to relief that is plausible on its face.[20]   A claim is plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[21]   Allegations that reflect only "the mere possibility of misconduct" do not show that a plaintiff is entitled to relief as required by Rule 8 and, thus, are insufficient to state a plausible claim.[22]

Dismissal under Rule 12(b)(6) is proper if there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[23]   While a court must accept all material allegations in the complaint as true, conclusory allegations and unreasonable inferences will not defeat a motion

---

any acts of infringement in this District or that Galderma Labs has a regular and established place of business in this District.

[18] 28 U.S.C. § 1406(a); *Reflection, LLC v. Spire Collective LLC*, No. 17CV1603-GPC(BGS), 2018 WL 310184, at *4 (S.D. Cal. Jan. 5, 2018) (granting motion to dismiss based on improper venue pursuant to 28 U.S.C. § 1400(b)).

[19] *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted).

[20] *Ebner v. Fresh, Inc.*, 838 F.3d 958, 962-63 (9th Cir. 2016); *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[21] *Iqbal*, 556 U.S. at 678; *see also Telesaurus*, 623 F.3d at 1003.

[22] *Iqbal*, 556 U.S. at 678-79; *Williams v. Cty. of Los Angeles Dep't of Pub. Soc. Servs.*, No. CV 14-7625 JVS(JC), 2016 WL 8229038, at *5 (C.D. Cal. Dec. 21, 2016), *aff'd*, 708 F. App'x 353 (9th Cir. 2017).

[23] *Conservation Force*, 646 F.3d at 1242 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**                **PAGE 7**
730833344.1

to dismiss for failure to state a claim.[24]

## C.   The Complaint improperly lumps together all of the corporate defendants and fails to meet federal pleading requirements.

A plaintiff suing multiple defendants "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2)" and "to put defendants on sufficient notice of the allegations against them."[25] "Courts in the Ninth Circuit have held that 'undifferentiated pleading against multiple defendants is improper.'"[26] Thus, a complaint fails to state a claim and is subject to dismissal if it does not specify which defendant was responsible for which alleged wrongful act.[27] Instead, the federal rules require a plaintiff to "distinguish Defendants' particular roles in the alleged causes of action" and "provide facts showing how

---

[24] *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017).

[25] *Gauvin v. Trombatore,* 682 F. Supp. 1067, 1071 (N.D. Cal. 1988); *see also McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint violates Rule 8 and should be dismissed if it lacks "clear and concise averments stating which defendants are liable . . . for which wrongs" such that "one cannot determine . . . who is being sued, for what relief, and on what theory"); *Ahmadi v. Nationstar Mortg., LLC*, No. SACV 16-0062 AG(JCGx), 2016 WL 7495826, at *2 (C.D. Cal. Mar. 31, 2016) (quoting *In re Sagent Tech.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003)) ("Plaintiff's failure to specify which Defendant did what fails to give fair notice to the Defendants.").

[26] *Steward v. West*, No. 13-02449-BRO(JCx), 2013 WL 12120232, at *3 (C.D. Cal. Sept. 6, 2013) (citations omitted).

[27] *See, e.g.*, *Ahmadi*, 2016 WL 7495826, at *2; *In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2011 WL 4403963, at *8 (N.D. Cal. Sept. 20, 2011) ("fail[ing] to allege what role each Defendant played in the alleged harm . . . makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations."); *Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 960-61 (S.D. Cal. 1996) ("[L]umping together of multiple defendants" fails to satisfy Rule 8; and "confusion of which claims apply to which defendants would require that the complaint be dismissed").

LAW OFFICES
MAYER BROWN LLP
Los Angeles

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE                PAGE 8
730833344.1

each and every Defendant is involved" in the alleged wrongful conduct.[28]   Courts have consistently held that a plaintiff does not satisfy these standards when it asserts allegations and causes of action against a group of defendants collectively.[29]

The Complaint improperly conflates all of the corporate defendants by defining "Nestle Skin Health" to include "Galderma, S.A., Galderma Laboratories, L.P., and Nestlé Skin Health, S.A."[30]   Truinject asserts six causes of action against "Nestle Skin Health" without specifying which entity was responsible for the particular conduct that allegedly supports such claims.[31]   Truinject also asserts seven causes of action against "Galderma,"[32] but the Complaint does not define "Galderma" or otherwise differentiate between Galderma S.A. and Galderma Labs. The Complaint does not assert any cause of action against Galderma Labs specifically, and there is not a single reference to Galderma Labs in the factual allegations.   Accordingly, Truinject's Complaint does not provide Galderma Labs fair notice of what is being alleged against it and fails to state a plausible claim to

---

[28] *Yost v. Nationstar Mortg., LLC*, No. 13-cv-00745-AWI-SAB, 2013 WL 4828590, at *3 (E.D. Cal. Sept. 9, 2013) ("Plaintiffs' allegations are insufficient in that they are ascribed to Defendants collectively" and "merely lump [defendants] together").

[29] *See Estrada v. Caliber Home Loans, Inc.*, No. SACV 15-00976-CJC(PJWx), 2015 WL 12661910, at *8 (C.D. Cal. Oct. 14, 2015) ("[Plaintiff's] complaint persistently makes allegations against "Defendant[s]" without distinguishing which of the two defendants the allegation is against. Such pleading cannot survive a motion to dismiss.") (citing *Newman v. OneWest Bank, FSB*, No. 10-0064, 2010 WL 797188, at *5 (C.D. Cal. Mar. 5, 2010) ("Plaintiff's allegations fail to meet the basic pleading requirements of Rule 8(a) because they lump all of the defendants together.")).

[30] Compl. ¶ 34.

[31] *See supra* at 4 (listing causes of action asserted against the corporate Defendants).

[32] *See id.*

LAW OFFICES
MAYER BROWN LLP
Los Angeles

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE                    PAGE 9
730833344.1

1  relief against it.[33]  The Court should therefore dismiss Counts I-IV and VII-XIV as

2  to Galderma Labs.[34]

3  **D.      Truinject's deceit claims are preempted by California's Uniform Trade**
         **Secrets Act ("CUTSA").**

4

5      **1.      CUTSA preempts causes of action based on the same operative**
                 **facts.**

6

7          Except for claims seeking contractual or criminal remedies, CUTSA preempts

8  and supersedes all claims that are "based on the same nucleus of facts as the

9  misappropriation of trade secrets claim."[35]  This is because CUTSA exclusively

10 "occupies the field" of claims arising from alleged misappropriation of confidential

11 information.[36]  If there is no material distinction between the wrongdoing alleged in

12 a trade secret claim and that alleged in another state or common law claim, then

13

14 _____

15 [33] *See ThinkBronze, LLC v. Wise Unicorn Ind. Ltd.*, No. CV 12-05283-
16 MMM(JEMx), 2013 WL 12120260, at *10 (C.D. Cal. Feb. 7, 2013) (dismissing
   claims where the "infringement allegations are pled against all defendants in the
17 aggregate"); *Studer v. Para-Song Music*, No. CV 10-1750 GAF(RCx), 2010 WL
   11595711, at *5 (C.D. Cal. Sept. 13, 2010) (dismissing claims against two related
18 entities for failure to state a claim because "the[]collective references to Diamond E
   and Diamond Mine do not distinguish between the entities"); *Corazon v. Aurora*
19 *Loan Servs., LLC*, No. 11-0542 SC, 2011 WL 1740099, at *4 (N.D. Cal. May 5,
20 2011) ("By failing to differentiate among defendants or specify which defendant is
   the subject of Plaintiff's various allegations, [the] Complaint violates Rule 8" and
21 "fails to provide Aurora fair notice of its alleged misconduct.").

22
23 [34] *See Designing Health, Inc. v. Erasmus*, No. CV 98-4758 LGB(CWx), 1999
   WL 35014901, at *2 (C.D. Cal. Sept. 8, 1999) (dismissing fraud, UCL, patent, trade
24 dress, and trade secret claims asserted against defendants collectively); *Gen-Probe*,
25 926 F. Supp. at 960-62 (dismissing claims based on three different types of
   infringement asserted collectively against affiliated entities).

26 [35] *K.C. Multimedia, Inc. v. Bank of Am. Tech. & Operations, Inc.,* 171 Cal. App. 4th
27 939, 958 (2009) (citing CAL. CIV. CODE § 3426.7).

28 [36] *Mattel, Inc. v. MGA Entm't., Inc.*, 782 F. Supp. 2d 911, 987 (C.D. Cal. 2011).

LAW OFFICES
MAYER BROWN LLP
Los Angeles

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE                    PAGE 10
730833344.1

CUTSA preempts the other claim.[37]  For purposes of this analysis, it is irrelevant "whether a non-CUTSA claim requires the pleading of different [or additional] elements than the CUTSA claim."[38]  Similarly, a claim "cannot escape preemption merely because it alleges new facts, different damages, or a different theory of liability."[39]  Procedurally, it is proper to dismiss a claim as preempted by CUTSA at the motion to dismiss stage.[40]

### 2. The deceit claims are preempted by CUTSA.

Truinject's CUTSA claim (Count XII) alleges that "Nestlé Skin Health misappropriated Truinject's information through improper means."[41]  Truinject alleges that "Nestlé Skin Health acquired Truinject's trade secrets through misrepresentation,"[42] which is an improper means under CUTSA.[43]  Truinject's deceit claim against Galderma (Count VII) alleges that:

- "During the course of negotiations between Nestlé Skin Health and Truinject, Galderma made several misrepresentations . . . to induce

---

[37] *MedioStream, Inc. v. Microsoft Corp.*, 869 F. Supp. 2d 1095, 1115 (N.D. Cal. 2012) (citation omitted).

[38] *SunPower Corp. v. SolarCity Corp.*, No. 12-CV-00694-LHK, 2012 WL 6160472, at *12 (N.D. Cal. Dec. 11, 2012).

[39] *Farhang v. Indian Inst. of Tech., Kharagpur*, No. C-08-02658 RMW, 2010 WL 2228936, at *11 (N.D. Cal. June 1, 2010).

[40] *Zayo Grp. LLC v. Hisa*, No. SACV 13-752-JST(JPRx), 2013 WL 12201401, at *3 (C.D. Cal. Sept. 17, 2013) (Staton, J.) ("[T]he Court will not find it premature to rule on [CUTSA] preemption" on a motion to dismiss); *SunPower*, 2012 WL 6160472, at *12 ("[W]hether SunPower's claims are superseded by CUTSA can and should be determined on a motion to dismiss.").

[41] Compl. ¶ 382.

[42] Compl. ¶ 268.

[43] CAL. CIV. CODE § 3426.1(a).

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 11**
730833344.1

Truinject to rely on the misrepresentations and share its confidential information";[44]

- Galderma "made the misrepresentations to . . . induce Truinject to share its trade secrets, . . . ";[45]

- "Had Truinject known of the falsity of Galderma's representations . . . , it would have never shared its confidential information";[46] and

- "Galderma concealed or suppressed material facts in order to induce Truinject into sharing its proprietary information and trade secrets."[47]

Truinject's deceit claim against "Nestlé Skin Health" (Count XIV) likewise relies on alleged misrepresentations that it contends were meant to induce Truinject to provide the same confidential information that allegedly comprise its trade secrets.[48]

Where a plaintiff's allegations of misrepresentations relate to the defendant's allegedly improper acquisition of confidential information, preemption applies.[49] Thus, a fraud claim based on the intent to gain access to trade secrets is preempted by the CUTSA.[50]

---

[44] Compl. ¶¶ 337; 338 (listing the alleged misrepresentations).

[45] Compl. ¶ 340.

[46] Compl. ¶ 342.

[47] Compl. ¶ 343.

[48] *See* Compl. ¶¶ 389-399.

[49] *See Triton Eng'g v. Crane Co.*, SACV 12-01617-CJC(JEMx), 2013 WL 12137106, at *4 (C.D. Cal. Apr. 25, 2013) (dismissing fraud and UCL claims with prejudice, explaining that the fraud claims "simply concern how the alleged trade secret information was misappropriated" and the UCL claim just alleges "how that misappropriation [is] an unfair or unlawful business practice."); *SHK Mgmt., Inc. v. Kilroy Realty Corp.*, CV 14-02509 DMG(Ex), 2014 WL 12561096, at *4 (C.D. Cal. Oct. 2, 2014) (dismissing fraud claim as preempted by CUTSA where plaintiff alleged that defendant defrauded it in order to obtain its confidential information).

[50] *See SHK Mgmt.*, 2014 WL 12561096, at *4; *Teva Pharms. USA, Inc. v. Health IQ, LLC*, No. CV 13-00308-CJC(RNBx), 2013 WL 12132029, at *5 (C.D. Cal. Apr. 29, 2013) (dismissing UCL, fraud, and "deceit" claims because they "are all based on

As in other cases dismissing claims preempted by CUTSA, Truinject's deceit and trade secret causes of action rely on the same alleged wrongdoing—the alleged misrepresentations by defendants to induce Truinject to reveal its confidential information—and on the same information alleged to comprise Truinject's trade secrets and confidential information.[51]  Thus, Truinject's common law and state law claims for deceit (Counts VII and XIV) are preempted by CUTSA and should be dismissed with prejudice.

## E.    Truinject fails to adequately allege protectable trade dress rights.

### 1.    Essential elements of a trade dress claim based on product design.

To state a claim for trade dress infringement of a product design, a plaintiff must adequately plead, among other things, that: (1) the design is non-functional; (2) the design has acquired distinctiveness by attaining secondary meaning; and (3) there is a substantial likelihood of confusion.[52]  Additionally, for a trade dress claim based on product design, a plaintiff must identify the trade dress with particularity.[53] In evaluating a trade dress claim, "it is crucial that [courts] focus not on the

_____

the same set of facts as [plaintiff's] misappropriation of trade secrets claim; namely . . . alleged false statements by [defendants]" that caused the disclosure of plaintiff's confidential information); *Top Agent Network, Inc. v. Zillow, Inc.*, No. 14-CV-04769-RS, 2015 WL 7709655, at *7 (N.D. Cal. Apr. 13, 2015) (dismissing seven state law claims as preempted by CUTSA, including deceit and unfair competition).

[51] *Triton*, 2013 WL 12137106, at *4; *SHK Mgmt.*, 2014 WL 12561096, at *4; *Teva Pharms.*, 2013 WL 12132029, at *5; *Top Agent*, 2015 WL 7709655, at *7.

[52] *Art Attacks Ink, LLC v. MGA Entm't Inc.*, 581 F.3d 1138, 1145 (9th Cir. 2009) (for "a trade dress [claim] based on product design, the plaintiff must show that her design has attained secondary meaning.") (citing *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 214 (2000)).

[53] *Walker & Zanger, Inc. v. Paragon Indus., Inc.*, 549 F. Supp. 2d 1168, 1174 (N.D. Cal. 2007); *SCG Characters LLC v. Telebrands Corp.*, No. CV 15-00374 DDP (AGRx), 2015 WL 4624200, at *7 (C.D. Cal. Aug. 3, 2015).

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**                    **PAGE 13**
730833344.1

individual elements, but rather on the overall visual impression that the combination and arrangement of those elements create."[54]

Truinject fails to state a trade dress infringement claim (Count XI) because it: (1) does not allege that Kate's design is non-functional or plead facts to show non-functionality; and (2) fails to adequately plead that Kate's design has acquired secondary meaning.

### 2.   Truinject fails to sufficiently allege that Kate's design features are non-functional.

A product feature is functional if it is "essential to the use or purpose of the article or if it affects the cost or quality,"[55] or if the exclusive use thereof "would put competitors at a significant non-reputation-related disadvantage."[56]  To determine if a product feature is functional, courts consider whether: (1) it has a utilitarian advantage; (2) alternative designs are available; (3) advertising touts the design's utilitarian advantages; and (4) it results from a comparatively simple or inexpensive method of manufacture.[57]  "A product feature need only have some utilitarian advantage to be considered functional."[58]  Also, when seeking trade dress protection for "the design of the product itself," a plaintiff must show that the features "were selected arbitrarily or for purely aesthetic reasons."[59]  While functionality generally

---

[54] *Deckers Outdoor Corp. v. Fortune Dynamic, Inc.*, CV 15-769 PSG(SSx), 2015 WL 12731929, at *4 (C.D. Cal. May 8, 2015) (quoting *Clicks Billiards, Inc. v. Sixshooters, Inc.*, 251 F.3d 1252, 1259 (9th Cir. 2001)).

[55] *Qualitex Co. v. Jacobson Prods. Co., Inc.*, 514 U.S. 159, 165 (1995).

[56] *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*, 532 U.S. 23, 24 (2001).

[57] *Disc Golf Ass'n v. Champions Discs*, 158 F.3d 1002, 1005 (9th Cir. 1998).

[58] *Id.* at 1007.

[59] *Aurora World, Inc. v. TY Inc.*, 719 F. Supp. 2d 1115, 1141 (C.D. Cal. 2009) (quoting *Global Mfg. Grp., LLC v. GadgetUniverse.com*, 417 F. Supp. 2d 1161, 1167 (S.D. Cal. 2006)).

LAW OFFICES
MAYER BROWN LLP
Los Angeles

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE                    PAGE 14
730833344.1

1    is a question of fact, this "does not relieve Plaintiff of its obligation to adequately

2    plead non-functionality in order to state a claim for trade dress infringement."[60]

3         Truinject alleges that, "*[t]o aid medical providers*, Truinject built Kate to

4    reflect a typical patient,"[61] and "*[t]o help physicians train as precisely as possible*,

5    Truinject designed and built Kate to mimic the age, look and structural features of

6    an average cosmetic patient."[62]   Truinject also alleges that the "user interface" and

7    "syringe" constitute protectable trade dress.[63]   These allegations affirm that Kate's

8    design *is* functional and that Kate's features were not selected for purely aesthetic

9    reasons.

10        Aside from expressly contradicting its non-functionality argument, the

11   Complaint contains no allegations that Kate's design is non-functional nor does it

12   address any of the relevant factors. Instead, Truinject makes only a conclusory

13   statement that "Kate's design is . . . non-functional."[64]   Such a conclusory assertion

14   is insufficient to adequately plead non-functionality,[65] as a plaintiff is "require[d] to

15   allege *how* a trade dress is non-functional."[66]

16        Further, the use of a product design with the "look . . . of an average cosmetic

17   patient" is essential to the purpose of products like Kate, which Truinject claims

---

19   [60] *Deckers*, 2015 WL 12731929, at *5.

20   [61] Compl. ¶ 58 (emphasis added).

21   [62] Compl. ¶ 237 (emphasis added).

22   [63] Compl. ¶ 60.

23   [64] Compl. ¶ 237; *see also* ¶ 373 (alleging, without any supporting factual allegations, that "Kate's trade dress is nonfunctional.").

24   [65] *TSX Toys, Inc. v. 665, Inc.*, No. EDCV 14-02400-RGK(DTBx), 2015 WL
25   12791406, at *5 (C.D. Cal. Apr. 24, 2015).

26   [66] *Deckers*, 2015 WL 12731929, at *4 (collecting cases); *Accuimage Diagnostics
27   Corp. v. Terarecon, Inc.,* 260 F. Supp. 2d 941, 949 (N.D. Cal. 2003) (dismissing
     trade dress claim where plaintiff alleged its product's "look and feel . . . are non-
28   functional" but did "not plead sufficient facts" to show nonfunctionality).

---

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 15**
730833344.1

simulates facial injections by using a face/head that replicates a typical patient. Similarly, a "syringe" and "user interface" necessarily are functional components of an "injection training platform" and associated "virtual and augmented reality system."[67]   Under Truinject's theory, any such product that has, for example, the "overall appearance," "facial features," and "coloration" of an average Caucasian woman, or that includes a user interface or syringe, will infringe Truinject's purported trade dress.[68]   Truinject does not allege—and cannot plausibly allege— that those design features are non-functional.   Thus, the Complaint lacks sufficient allegations that Kate's design is non-functional, which warrants dismissal of Count XI as to Galderma Labs.

### 3. Truinject fails to allege that Kate's design has acquired secondary meaning.

Because a product's design cannot be "inherently distinctive," a plaintiff must plausibly allege that the design has acquired secondary meaning in order to state a trade dress claim based on product design.[69]   To adequately allege secondary meaning, a plaintiff must allege facts to demonstrate a "mental association by *a substantial segment* of consumers and potential customers between the alleged trade dress and a single source."[70]   There must be sufficient factual allegations to support the conclusion that "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product

---

[67] Compl. ¶¶ 9, 13, 60.

[68] Compl. ¶ 238.  As the Second Circuit has explained, trade dress law does not protect a "generalized type of appearance." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32 (2d Cir. 1995).

[69] *Wal-Mart Stores*, 529 U.S. at 212-213, 216.

[70] *Levi Strauss & Co. v. Blue Bell, Inc.*, 778 F.2d 1352, 1354 (9th Cir. 1985) (emphasis added).

**LAW OFFICES**
**MAYER BROWN LLP**
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 16**
730833344.1

itself."[71]   Factors that may indicate secondary meaning include consumer surveys; the exclusivity, manner, and length of use of the trade dress; the amount and manner of advertising; amount of sales; established place in the market; and proof of intentional copying by defendant.[72]   "[W]hen a trade dress claim is asserted on the design of a product, 'courts should err on the side of caution' because 'product design almost invariably serves purposes other than source identification.'"[73]

Truinject makes only conclusory assertions that Kate's design is *distinctive*:

- "Truinject's injection training platform and augmented reality system have a distinctive appearance that identifies Truinject as the producer";[74]

- "Truinject built Kate to reflect a typical patient and included several distinctive features, for example a beauty mark" and "scrub hat";[75]

- "The physical detail and design of Kate distinguishes it from all other products";[76] and

- "Kate's design is distinctive."[77]

Truinject's conclusory allegations of distinctiveness do not suffice to plead secondary meaning.   A product design cannot be inherently distinctive; it must *acquire* distinctiveness by attaining secondary meaning over time.[78]   Truinject

---

[71] *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 851 n.11 (1982).

[72] *Filipino Yellow Pages, Inc. v. Asian Journal Publ'ns, Inc.*, 198 F.3d 1143, 1151 (9th Cir. 1999); *Deckers*, 2015 WL 12731929, at *5.

[73] *Global Mfg.*, 417 F. Supp. 2d at 1167; *see also Wal-Mart Stores*, 529 U.S. at 213 ("[A]lmost invariably, even the most unusual of product designs . . . is intended not to identify source, but to render the product itself more appealing.").

[74] Compl. ¶ 13.

[75] Compl. ¶ 58.

[76] Compl. ¶ 237.

[77] Compl. ¶ 237; *see also* ¶ 371 (alleging that "Kate's trade dress is distinctive.").

[78] *Wal-Mart Stores*, 529 U.S. at 212-213, 216.

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 17**
730833344.1

ignores this distinction and makes only bare assertions that Kate's design is distinctive.

Truinject neither pleads secondary meaning nor alleges facts to show that Kate's design has acquired secondary meaning in the market.  Truinject does not allege that the public perceives the *primary significance* of Kate's design as identifying Truinject (as opposed to a purpose relating to the product itself).  In fact, Truinject alleges that the purpose of the "look and structural features" of Kate's design was "to help physicians train as precisely as possible."[79]  Truinject fails to plead facts relating to the secondary meaning factors and does not otherwise allege how or on what basis consumers have come to associate Kate's design with Truinject.[80]  For example, Truinject does not assert allegations as to the nature or amount of its advertising or sales of Kate, or the manner, exclusivity, or length of its use, to plausibly show that consumers now associate the design itself with Truinject.

Importantly (and fatal to its trade dress count), Truinject does not even allege public sale or use of Kate.  Instead, the only allegations of Truinject exposing *anyone* to Kate relate exclusively to demonstrations to "Nestle Skin Health" representatives and a small number of physicians it retained (Key Opinion Leaders ("KOLs")) to help in its evaluation.[81]  In fact, the only allegations of any public exposure of any product relate to "*Nestle Skin Health's*" public demonstrations of *Holly*.[82]

---

[79] Compl. ¶ 237.

[80] *See Deckers*, 2015 WL 12731929, at *5 (dismissing trade dress claim because, "[w]hile Plaintiff mentions the existence of some of these factors, the allegations implicating public exposure, sales and establishment in the market, and intentional copying are conclusorily pled."); *SHK Mgmt.*, 2014 WL 12561096, at *6.

[81] *See* Compl. ¶¶ 111, 128, 161, 193.

[82] *See* Compl. ¶¶ 212, 216, 227, 285.

**LAW OFFICES**
**MAYER BROWN LLP**
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**    **PAGE 18**
730833344.1

Finally, and perhaps most significantly, the Complaint alleges that Holly entered the market in 2018 and that, at that time, "Holly was first to market."[83] Truinject, however, "must show its product acquired [secondary] meaning *before* the defendant introduced its competing product."[84]  Kate's general design and "overall appearance" could not acquire secondary meaning or protectable trade dress rights against a product that entered the market before it.[85]  In the absence of particularly persuasive facts of "significant advertising and a substantial period of exclusive use," it usually takes years to acquire secondary meaning.[86] In short, Truinject has not pleaded plausible facts supporting that a "substantial segment of consumers" have established a distinct "mental association" between Kate's generic design and Truinject.[87]  Because the Complaint fails to allege that Kate's design has acquired a secondary meaning, Truinject fails to state a trade dress claim and Count XI must be dismissed as to Galderma Labs.

## F.    Truinject fails to state a claim for unfair competition.

In Count XIII, Truinject asserts as bases for its claim that "Galderma and Nestlé Skin Health" engaged in unlawful business practices under Cal. Bus. & Prof.

---

[83] Compl. ¶ 292.

[84] *Global Mfg.*, 417 F. Supp. 2d at 1171 (emphasis in original).

[85] *See, e.g.*, *Mattel, Inc. v. MGA Entm't, Inc.*, 782 F. Supp. 2d 911, 1005 (C.D. Cal. 2011) (holding that plaintiff's alleged trade dress could not have "acquire[d] . . . secondary meaning, because it hadn't even been released to market at the time Mattel allegedly began planning [its] line of dolls.").

[86] *Livjo, Inc. v. Deckers Outdoor Corp.*, No. CV 10-4557-JST(PLAx), 2011 WL 12516430, at *8 (C.D. Cal. Sept. 27, 2011) ("While there is no minimum required length of time, two years falls short of the 'substantial' period of time generally found to give rise to secondary meaning.").

[87] While Truinject makes vague, conclusory allegations like "doctors, medical providers, and KOLs have also noted that Holly looks like Kate," and "[t]hose in the industry *who were familiar with Truinject and Kate* were shocked," *id.* ¶ 206, 243, such allegations speak to a separate element of the claim—likelihood of confusion.

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 19**
730833344.1

Code § 17200 ("UCL"): (1) unlawful passing off and unfair competition under California common law; (2) patent infringement; (3) trade secret misappropriation; and (4) trade dress infringement under federal law.[88] Each of these alleged bases for its UCL claim are insufficient either because: (1) they are preempted; or (2) Truinject fails to state a claim.

Truinject's UCL claim based on Galderma Labs' alleged trade secret misappropriation is preempted by CUTSA.[89] Similarly, to the extent the UCL claim is predicated on Galderma Labs' alleged patent infringement, it is preempted by federal patent law.[90]

---

[88] Compl. ¶¶ 385-386.

[89] *MedioStream*, 869 F. Supp. 2d at 1115; *Jun-En Enter. v. Lin*, No. CV 12-2734 PSG(SSx), 2013 WL 12126115, at *4 (C.D. Cal. June 17, 2013) ("[W]here a cause of action is superseded in part by CUTSA at the pleading stage, dismissal is proper."); *Triton*, 2013 WL 12137106, at *4.

That Truinject also alleges misappropriation under federal DTSA does not alter this result, as a state UCL claim is still preempted if it is based on misappropriation of trade secrets. *See Alta Devices, Inc. v. LG Elecs., Inc.*, No. 18-CV-00404-LHK, 2018 WL 5045429, at *15 (N.D. Cal. Oct. 17, 2018) (finding plaintiff's "UCL claim is preempted to the extent that it is based on trade secret misappropriation," where plaintiff alleged DTSA and CUTSA claims); *Becton, Dickinson & Co. v. Cytek Biosciences Inc.*, No. 18-cv-00933-MMC, 2018 WL 2298500, at *5-6 (N.D. Cal. May 21, 2018) (holding that, where plaintiff asserted DTSA and CUTSA claims, its UCL claim was preempted because it "rests squarely on [its] allegations of trade secret misappropriation").

[90] *Sugarfina, Inc. v. Sweet Pete's LLC*, 17-CV-4456-RSWL-JEM, 2017 WL 4271133, at *6 (C.D. Cal. Sept. 25, 2017) (dismissing UCL claim and holding "Plaintiff's unfair business practices claim based on its patent [] claims is preempted by federal [] patent law."); *Stiles v. Wal-Mart Stores, Inc.*, No. 2:14-CV-2234-GEB-CMK, 2016 WL 696602, at *1 (E.D. Cal. Feb. 22, 2016) (same).

LAW OFFICES
MAYER BROWN LLP
Los Angeles

DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE       PAGE 20
730833344.1

1   For the reasons discussed in the preceding section, Truinject also fails to state
2   a UCL claim based on trade dress infringement because it fails to sufficiently allege
3   a trade dress claim.[91]

4   Finally, the Complaint does not include any allegations to support a claim of
5   passing off against Galderma Labs. "The common law tort of unfair competition is
6   generally thought to be synonymous with the act of 'passing off' one's goods as
7   those of another."[92]   To state a claim of passing off, a plaintiff must allege that a
8   defendant either: (1) misrepresented that its own goods were those of plaintiff or
9   originated from plaintiff, or (2) misrepresented that plaintiff's goods were its own.[93]
10  Here, the Complaint does not allege that Galderma Labs misrepresented its products
11  to be those of Truinject or passed off Truinject's products as its own.   In fact,
12  Truinject alleges just the opposite: "Nestlé Skin Health" held itself out as the
13  originating source of Holly and LucyLive.[94]   Thus, Truinject fails to state a UCL
14  claim against Galderma Labs based on passing off or California common law unfair
15  competition.[95]

16

17

---

18  [91] *See TSX Toys*, 2015 WL 12791406, at *5 ("Because TSX fails to allege sufficient
19  facts to state a claim for Trade Dress Infringement, it also fails to adequately allege
    a state claim for Unfair Competition" based on trade dress infringement); *see also*
20  *supra* Section E.

21  [92] *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1153 (9th Cir. 2008).

22  [93] *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th
23  Cir. 2018); *Trout v. Elite Aluminum Corp.*, No. EDCV 06-0830 SGL(Opx), 2007
    WL 2778911, at *2 (C.D. Cal. Sept. 18, 2007) (finding that plaintiff failed to state a
24  claim for passing off where it failed to allege that defendant misrepresented the
    origin of its product); *see also Sybersound*, 517 F.3d at 1153 (finding that plaintiff
25  failed to state a common law unfair competition claim where it "has not alleged that
26  [defendants] have passed off their goods as those of another").

27  [94] *See, e.g.*, Compl. ¶ 227.

28  [95] *OTR Wheel*, 897 F.3d at 1016.

---

LAW OFFICES
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**   **PAGE 21**
730833344.1

Because each and every alleged basis of Truinject's claim of unlawful business practices under UCL is either preempted or insufficiently pleaded, Count XIII should be dismissed as to Galderma Labs.

## IV.   CONCLUSION

Defendant Galderma Laboratories, L.P. respectfully requests that the Court dismiss without prejudice the patent infringement claim against Galderma Laboratories, L.P. (Count IX) pursuant to Federal Rule of Civil Procedure 12(b)(3). Defendant Galderma Laboratories, L.P. further requests Counts I-IV and VIII-XIII asserted against "Nestlé Skin Health" and "Galderma" be dismissed without prejudice against Galderma Laboratories, L.P. pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant Galderma Laboratories, L.P. further requests that the deceit claims asserted against "Nestlé Skin Health" and "Galderma"—Counts VII and XIV—be dismissed with prejudice against Galderma Laboratories, L.P. pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted based on preemption.

**LAW OFFICES**
MAYER BROWN LLP
Los Angeles

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS**
**PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**          **PAGE 22**
730833344.1

1   Dated: December 14, 2018                    **MUNCK WILSON MANDALA, LLP**
                                                 MICHAEL C. WILSON
2                                                JAMIL N. ALIBHAI

3                                                **MAYER BROWN LLP**
                                                 DALE J. GIALI
4
                                                 By: _/s/ Dale J. Giali_____
5                                                       Dale J. Giali

6                                                ATTORNEYS FOR DEFENDANTS
                                                 GALDERMA LABORATORIES, L.P.,
7                                                SCOTT MCCREA, AND TIPHANY
                                                 LOPEZ
8

9

10

11   783501

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT GALDERMA LABORATORIES, L.P.'S MOTION TO DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(3) AND (6); CASE NO. 8:18-CV-01851-JLS-JDE**                    **PAGE 23**
730833344.1